UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-307-PLC |
| | ) |
| MELVIN LEROY TYLER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Melvin Leroy Tyler's motion for leave to bring this civil action *in forma pauperis*. For the reasons explained below, the motion will be denied and this civil action will be dismissed without prejudice.

**Background**

Plaintiff is currently incarcerated in the Jefferson City Correctional Center in Jefferson City, Missouri. On August 4, 1978, he was convicted of two counts of first-degree robbery by means of a deadly weapon, two counts of assault with intent to commit rape without malice aforethought, and armed criminal action. *State v. Tyler*, 622 S.W.2d 379, 382 (Mo. Ct. App. 1981). He was sentenced to fifty years on each robbery count, five years on each assault count, and fifty years for the armed criminal action count. *Id*. All terms were ordered to be served consecutively. *Id*. The Missouri Court of Appeals reversed Tyler's armed criminal action conviction on the basis of double jeopardy. *Id*. at 387. The judgment was affirmed in all other respects. *Id*.[1]

---

[1] The Court notes that plaintiff was also convicted on charges of first-degree robbery, rape, kidnapping, and armed criminal action in Platte County Circuit Court in 1977. *State v. Tyler*, 587 S.W.2d 918, 922 (Mo. Ct. App. 1979). His conviction was affirmed on direct appeal. *Id*. at 934. He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed for failure to exhaust state remedies. *Tyler v. Wyrick*, 730 F.2d 1209, 1210 (8th Cir. 1984). The dismissal of his habeas petition was affirmed. *Id*. at 1211. Plaintiff also pursued postconviction remedies in state court, but was unsuccessful. *See Tyler v. State*, 794

Tyler has filed numerous actions challenging his convictions in various ways. He has unsuccessfully sought postconviction relief in the state courts. *See Tyler v. State*, 18 S.W.3d 117 (Mo. Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo. Ct. App. 2003); *Tyler v. State*, 111 S.W.3d 495 (Mo. Ct. App. 2003); *Tyler v. State*, 229 S.W.3d 103 (Mo. Ct. App. 2007); and *Tyler v. State*, 292 S.W.3d 338 (Mo. Ct. App. 2009). He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the district court denied. *See Tyler v. Armontrout*, 917 F.2d 1138, 1139 (8th Cir. 1990). The Court of Appeals affirmed the denial in all respects. *Id.* at 1143. Tyler made other attempts to seek habeas relief in federal court, all to no avail. *See Tyler v. Purkett*, 26 F.3d 127, 1994 WL 281821, at *1 (8th Cir. 1994) (unpublished opinion) (noting that instant petition was "not the first habeas petition filed by [Tyler] for the purpose of challenging these convictions…It is either the fifth or sixth such petition").

Tyler has also attempted unsuccessfully to remove his underlying criminal case to federal court. *See State of Missouri v. Kniest, et al.*, No. 4:15-cv-1352-HEA (E.D. Mo. Aug. 28, 2015);[2] *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D. Mo. Dec. 11, 2015);[3] and *Tyler v.*

---

S.W.2d 252 (Mo. Ct. App. 1990); *Tyler v. State*, 941 S.W.2d 856 (Mo. Ct. App. 1997); *Tyler v. State*, 994 S.W.2d 50 (Mo. Ct. App. 1999); and *Tyler v. State*, 348 S.W.3d 149 (Mo. Ct. App. 2011). Plaintiff was later allowed to file a successive federal habeas petition pursuant to § 2254. *Tyler v. Purkett*, 413 F.3d 696, 698 (8th Cir. 2005). However, the Court of Appeals found there was no basis on which to grant habeas relief. *Id.* at 705.

[2] In *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1352-HEA, plaintiff filed a "Petition for Federal Removal" along with two other inmates. He sought to remove his original criminal case, *State v. Tyler*, No. 77-232. The Court denied his petition for removal. The Court also remanded the matter to state court, though it noted that it was unclear that plaintiff's case had ever been removed, since the case was closed. Plaintiff did not appeal.

[3] In *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC, plaintiff filed a "Petition for Removal of Pending Criminal Cases/Appeals/Motions." He again sought to remove his case, *State v. Tyler*, No. 77-232, to federal court. The district court dismissed plaintiff's petition on January 4, 2016 due to plaintiff's failure to pay the filing fee. Plaintiff appealed the dismissal and the Eighth Circuit Court of Appeals summarily affirmed on June 27, 2016. *State of Missouri v. Kniest, et al.*, No. 16-1314 (8th Cir. 2016). Despite the case being closed, plaintiff filed a motion titled "Motion for Specific Orders in Compliance with 28 U.S.C. 1447(c) and to Modify the Order without Prejudice to File a 42 U.S.C. 1983 Suit and Pendent State Claims Forthwith." The motion sought a certified remand order to the Circuit Court of the City of St. Louis. The district court denied the order as frivolous. In explanation, the district court noted that "[t]he state criminal

*State of Missouri*, No. 4:16-cv-1630-NAB (E.D. Mo. Oct. 18, 2016).[4] More recently, Tyler tried twice more to remove his original criminal case to federal court. *See State of Missouri, et al. v. Tyler*, No. 4:19-cv-546-HEA (E.D. Mo. Mar. 21, 2019); and *State of Missouri, et al. v. Morales, et al.*, No. 4:19-cv-2135-HEA (E.D. Mo. Jul. 22, 2019). In both instances, Tyler's removal actions were denied.

### Notice of Removal

In the instant notice of removal, Tyler states he brings this civil action seeking to remove Missouri state cases into this United States District Court. He writes:

> NOTICE IS HEREBY GIVEN THAT MELVIN LEROY TYLER STATES FROM THE INTENTIONAL PREJUDICES, BIAS, HATE AND DISRESPECT AND D1SRESPECT FOR THE 1ST, 5TH, 6TH, 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SEC. 2, 10, 14 MISSOURI BILL OF RIGHTS, AND DUE TO THE CORRUPTION OF THE MISSOURI STATE SUPREME COURT, MISSOURI. COURT OF APPEALS, CIRCUIT COURT JUDGES CITY OF ST. LOUIS HE CANNOT ENFORCE HIS CONSTITUTIONAL RIGHTS IN MISSOURI, DUE TO THE HATE, MALICE INFLICTED ON THE CURRENT CIRCUIT ATTORNEY BY THIS CORRUPT SYSTEM, SHE CANNOT HELP MELVIN LEROY TYLER FIND JUSTICE IN THIS CORRUPT COURT SYSTEM.

(ECF No. 1 at 1) (emphasis in original). Among Tyler's complaints is that DNA testing was not performed on a gun. However, Tyler's pleadings are disorganized and composed largely of run-on sentences containing exaggerated and inflammatory statements. He does not state, with sufficient specificity, the state court cases he seeks to remove. With his pleadings, Tyler filed over

---

cases were never properly removed to this Court because they were closed long before defendants brought this action." Once again, plaintiff appealed. The Eighth Circuit Court of Appeals summarily affirmed the district court on September 5, 2017. *State of Missouri v. Kniest, et al.*, No. 17-1704 (8th Cir. 2017).

[4] In *Tyler v. State of Missouri*, No. 4:16-cv-1630-NAB, plaintiff filed a document titled "Federal Removal," seeking to remove *State v. Tyler*, No. 77-232 and *State v. Tyler*, No. ED40843 (Mo. Ct. App.) to federal court. The district court dismissed this action without prejudice on October 25, 2016. In doing so, the district court noted that it did not have jurisdiction to remove a case that has been closed. Plaintiff appealed the dismissal. However, on February 6, 2017, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability. *Tyler v. State of Missouri*, No. 16-4269 (8th Cir. 2017).

200 pages of material, including records related to Missouri Supreme Court cases. The best the Court can discern, he seeks to remove *State of Missouri v. Tyler,* SC98267 (Mo. 2019) and *State of Missouri v. Tyler,* SC54830 (Mo. 2019). In the former case, Tyler filed a motion to file a late notice of appeal, referencing his original criminal case, *State v. Tyler*, No. 77-232. On February 4, 2020, the Missouri Supreme Court overruled the motion. In the latter case, Tyler filed a motion to recall the mandate, which the Court overruled on November 19, 2019.

## Discussion

The filing fee for bringing a civil action by removal is $350. 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350 . . ."). In addition, the Clerk of Court must collect additional fees as prescribed by the Judicial Conference of the United States. 28 U.S.C. § 1914(b). The Judicial Conference has added a $50.00 administrative fee to the statutory fee for filing a civil action in district court. *See* Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule (issued in accordance with 28 U.S.C. § 1914) (effective on Oct. 1, 2019). Accordingly, the total filing fee for this civil action is $400. However, instead of paying the filing fee, Tyler has filed a motion for leave to bring this civil action *in forma pauperis*.

As the United States Court of Appeals for the Eighth Circuit has noted, Tyler is subject to 28 U.S.C. § 1915(g) because "many of [his] earlier cases have been dismissed because they were frivolous or failed to state a claim." *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (citing *Tyler v. Gruner*, 65 F.3d 172 (8th Cir. 1995) (unpublished opinion); *Tyler v. Ashcroft*, 998 F.2d 1019 (8th Cir. 1993) (unpublished opinion); and *Tyler v. Ashcroft*, 980 F.2d 735 (8th Cir. 1992) (unpublished opinion)). Section 1915(g) provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, Tyler may proceed *in forma pauperis* in this civil action only if he "is under imminent danger of serious physical injury." *Id.* None of Tyler's pleadings or attachments establish he is under imminent danger of serious physical injury. Accordingly, this Court cannot allow Tyler to proceed *in forma pauperis* in this civil action. The Court will therefore deny Tyler's motion for leave to proceed *in forma pauperis,* and dismiss this action without prejudice to the filing of a fully-paid action.

Even if Tyler had paid the full filing fee, this action would be dismissed for lack of jurisdiction. Federal law provides a procedure for removing both civil and criminal cases. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, however, removal jurisdiction is limited, and the vindication of a criminal defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

Removal jurisdiction can only be properly exercised if the state court case is ongoing. That is, if the state court has already denied the relief sought, the case must be dismissed for lack of jurisdiction. *Pointer v. Allied Barton Sec. Co.*, 2017 WL 4216868, at *1 (8th Cir. 2017) (unpublished opinion) (stating that because the state court proceeding that the plaintiff sought to remove was "already completed," the case was remanded to the district court "with instructions to dismiss for lack of jurisdiction"). *See also Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011) (stating that "[r]emoval is simply not possible after a final judgment and the time for direct appellate review has run"); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) (stating "that when all

5

that remains of an action is the enforcement of a judgment, removal to federal court is not authorized"); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2nd Cir. 1988) (stating that "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"); and *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) (stating that it is "obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court").

As noted above, in the cases Tyler seeks to remove, the state court has already denied him the relief he sought. Also as noted above, Tyler has attempted to attack his original conviction in a number of different ways, including state postconviction actions, federal habeas petitions, and removals to federal court. In the instant case, Tyler has received adverse rulings from the Missouri Supreme Court, and he now attempts to obtain a federal forum by bringing a civil action in this Court cloaked as one brought by removal. It is clear that what Tyler really seeks is an order overturning the Missouri Supreme Court's decision to overrule his motion for leave to file a late notice of appeal and his motion to recall the mandate. Removal in such circumstances is not permissible, and this Court would therefore lack jurisdiction over this case. Dismissal of this action is appropriate for this reason, as well. *See Pointer*, 2017 WL 4216868, at *1.

Accordingly,

**IT IS HEREBY ORDERED** that Melvin Leroy Tyler's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that this civil action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Melvin Leroy Tyler's Motion for Orders (ECF No. 2) and his Motion for Sanctions Against State Operatives (ECF No. 6) are **DENIED** as moot.

Dated this 14th day of May, 2020.

                                                         **JOHN A. ROSS**
                                                         **UNITED STATES DISTRICT JUDGE**